IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30599

_____

MALCOM LOUIS LEBLANC; VICTORIA RICHAUX LEBLANC; TIMOTHY
L. LEBLANC; HEIDI M. LEBLANC;

Plaintiffs-Appellants,

V.

CHEVRON USA INC, formerly known as Gulf Oil Corporation; EXXON
MOBIL CORPORATION, formerly known as Exxon Corporation; MOBIL
CORPORATION; MURPHY OIL USA INC; SHELL OIL COMPANY; EL
PASO ENERGY, E S T COMPANY, as Trustee for EPEC Oil Company
Liquidating Trust, EPEC Oil Company;

Defendants-Appellees.

_____

Appeal from the United States United States District Court for the Eastern
District of Louisiana, New Orleans
USDC 2:05-CV-5485

_____

Before DAVIS and SOUTHWICK, Circuit Judges and DRELL, District Judge[*].

PER CURIAM:[**]

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

Malcolm LeBlanc and members of his family filed this appeal following dismissal of their suit for damages against Appellees. Malcolm LeBlanc's complaint alleged that after working as a tanker truck driver for over 30 years transporting Appellees' products containing high concentrations of benzene, he was diagnosed with myelofibrosis (more specifically, myelofibrosis with myeloid metaplasia--MMM), a rare disease of the bone marrow and/or blood. He alleged that his exposure to Appellees' products caused him to develop MMM.

Appellants tendered an expert, Dr. Frank Gardner, who supported their claim that the exposure to benzene caused plaintiff's disease. Appellees challenged Dr. Gardner's testimony as unreliable under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc.[1]

After extensive briefing, but without a hearing, the district court concluded that Dr. Gardner's testimony was not sufficiently reliable to pass muster under Daubert and its progeny. Because Appellant had no other evidence on the critical causation issue, the district court dismissed the suit and this appeal followed.

II.

The district court filed a thorough, written opinion supporting its order granting Appellee's motion in limine and finding Dr. Gardner's testimony unreliable. The district court considered most of the studies Dr. Gardner relied upon and gave its reasons for finding each study unpersuasive.

At the time the district court issued its order, the Federal Agency for Toxic Substances and Disease Registry (ATSDR), had issued a draft report on benzene. The draft describes the toxicological properties of benzene and some of the harm to animals and humans the authors conclude is caused by exposure to benzene.

---

[1] 509 U.S. 579 (1993).

Because the report was still in draft form and the time for notice and comment had not expired when the district court issued its ruling, the court declined to consider it.[2] During the pendency of this appeal, all counsel agreed that the draft has received final approval.

We leave to the district court, after receiving input from the parties in a hearing, if necessary, to determine the significance of this report on the court's final decision regarding the admissibility of Dr. Gardner's opinion. We explain below, however, why we believe the report deserves careful consideration in this respect.

The ATSDR report on benzene[3] was prepared in accordance with federal laws that require the ATSDR to prepare toxicological profiles for hazardous substances that pose significant potential threat to human health, as determined by the ATSDR and the Environmental Protection Agency.[4] This report, in its final form, recites that it was authored by a number of experts,[5] was reviewed

---

[2] Leblanc v. Chevron USA, Inc., 513 F. Supp. 2d 641, 655 n. 24 (E.D. La. 2007). The court declined to consider the draft report based on the following disclaimer it contained: "This information is distributed solely for the purpose of pre dissemination public comment under applicable information quality guidelines. It has not been formally disseminated by the Agency for Toxic Substances and Disease Registry. It does not represent and should not be construed to represent any agency determination or policy." Id. (citing ATSDR 2005 Draft Profile of Benzene).

[3] The final version of the report is available at: http://www.atsdr.cdc.gov/toxprofiles/tp3.pdf

[4] Id. at vi. Toxicological reports are prepared by ATSDR in accordance with the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq., as amended. Id.

[5] The contributors to this report are: Sharon Wilbur, M.A., Sam Keith, M.S., C.H.P., Obaid Faroon, Ph.D., ATSDR, Division of Toxicology and Environmental Medicine, Atlanta, GA; David Wohlers, Ph.D., Julie Stickney, Ph.D., Sari Paikoff, Ph.D, Gary Diamond, Ph.D., Antonio Quinones-Rivera, Ph.D., Syracuse Research Corporation, North Syracuse, NY. Id. at ix.

internally by the ATSDR,[6] and peer reviewed by additional experts who "collectively have knowledge of benzene's physical and chemical properties, toxicokinetics, key health end points, mechanisms of action, human and animal exposure, and quantification of risk to humans."[7] The report was put into final form at the end of the prescribed time period during which comments were allowed to be submitted to the draft version and this final form supersedes previous versions.[8]

In addition to disregarding the report on the basis that it was a draft, the district court also noted in a footnote that the draft report's conclusion that benzene causes acute myelogenous leukemia was irrelevant. However, in the report, the ATSDR concluded that "[b]enzene also causes a life-threatening disorder called aplastic anemia in humans and animals."[9] The report also

---

[6] This report underwent the following ATSDR internal reviews: "1. Health Effects Review. The Health Effects Review Committee examines the health effects chapter of each profile for consistency and accuracy in interpreting health effects and classifying end points. 2. Minimal Risk Level Review. The Minimal Risk Level Workgroup considers issues relevant to substance-specific minimal Risk Levels (MRLs), reviews the health effects database of each profile, and makes recommendations for derivation of MRLs. 3. Data Needs Review. The Applied Toxicology Branch reviews data needs sections to assure consistency across profiles and adherence to instructions in the Guidance. 4. Green Border Review. Green Border review assures the consistency with ATSDR policy." Id.

[7] According to the report, the panel assembled to peer review the report on benzene consisted of: Dr. Jeffrey Fisher, Professor and Department Head, Department of Environmental Health Science, University of Georgia, Athens, GA; Dr. Tee Guidotti, Chair and Professor, Department of Occupational and Environmental Health, School of Public Health and Sciences, The George Washington University Medical Center, Washington, D.C.; and Dr. Rogene Henderson, Senior Scientist, Lovelace Respiratory Research Institute, Albuquerque, NM. Id. at xi.

[8] Id. at iii.

[9] Id. at 12. In partial support of this conclusion, the report mentions the Tondel study in which a gasoline attendant exposed to benzene was diagnosed with myelofibrosis. Id. at 13; 81-82.

states that myelofibrosis (the disease with which Appellant has been diagnosed) is a form of aplastic anemia.[10] Appellants point out that the relevant portions of both the draft and final reports are substantively the same, and Appellees do not dispute this. Indeed, both the final and draft versions of the report include the aplastic anemia and myelofibrosis statements discussed above. In light of the apparent link the report makes between Appellant's disease and aplastic anemia, which the report states is caused by benzene exposure, as well as the number and quality of the experts who participated in the production of the final version of the ATSDR report, we conclude that this report deserves the careful consideration of the district court before reaching a final conclusion on the reliability of Dr. Gardner's testimony.

Accordingly, it is ordered that the judgment appealed from is vacated, and this case is remanded to the district court to reconsider its ruling on the admissibility of Dr. Gardner's testimony in light of the ATSDR Benzene Toxicology Report discussed above, including its references to aplastic anemia and benzene. The district court is free to hold a Daubert hearing if, in its discretion, it concludes that one is necessary. It is also free to reconsider and reevaluate studies it initially found unpersuasive, in light of the above report.

VACATED.

REMANDED.

---

[10] Id. at 13.